DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JERMAINE ANTWAN DAVIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1137

_____

March 18, 2026

Appeal from the Circuit Court for Pinellas County; Joseph A. Bulone, Judge.

Blair Allen, Public Defender, and Karen M. Kinney, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

On this appeal of the final judgment and sentence, Jermaine Antwan Davis raises several challenges to his conviction and sentence for aggravated battery. We affirm without discussion as to all of them except one: that his sentencing as a habitual felony offender (HFO) and prison releasee reoffender (PRR) runs afoul of *Erlinger v. United States*, 602 U.S. 821 (2024), because the HFO and PRR statutes do not require that the qualifying facts for those enhancements be found by a jury beyond a reasonable doubt.

As to that challenge, we also affirm, but we write briefly to explain that even assuming *Erlinger* applies to Davis's sentence, reversal would nonetheless be unwarranted because the resulting error would be harmless. *See Flournoy v. State*, 415 So. 3d 806, 808 (Fla. 2d DCA 2025) ("Florida courts have recognized that the types of errors addressed in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], *Blakely* [*v. Washington*, 542 U.S. 296 (2004)], and *Alleyne* [v. *United States*, 570 U.S. 99 (2013),] are subject to harmless error review. It follows then that *Erlinger* errors are also subject to harmless error." (citations omitted)). At sentencing, the State submitted certified copies of Davis's pertinent Department of Corrections records, and Davis's counsel agreed that Davis qualified as both an HFO and a PRR. At no point has Davis disputed his criminal history or that he factually qualifies as both an HFO and a PRR. The record therefore demonstrates beyond a reasonable doubt that no rational jury would have found the requisite facts any differently than the sentencing court. *See Flournoy*, 415 So. 3d at 808–09 (concluding that any error was harmless because "the State read Flournoy's prior record at the sentencing hearing"; "Flournoy's certified department of corrections packet, which details all of his prior offenses and release dates, was filed below and is contained in our record"; "Flournoy did not dispute his prior record or release dates at sentencing"; and "defense counsel conceded at sentencing that Flournoy qualified for the PRR enhancement"); *McGlaun v. State*, 420 So. 3d 634, 636 (Fla. 1st DCA 2025) (concluding that any error was harmless because defendant "did not contest the HFO qualifying facts or the admission of any of the State's evidence to prove these facts" at the sentencing hearing, "did not introduce any contrary evidence[,] and never argued that he did not qualify for an HFO sentence enhancement"); *see also, e.g., Hicks v. State*,

No. 1D2024-1300, 2025 WL 2921590, at *1 (Fla. 1st DCA Oct. 15, 2025) (concluding that any error was harmless because "[b]oth Appellant and his counsel acknowledged below that he was released from prison within three years of committing his current offenses, and the Department of Corrections' records so reflect"); *Avalos v. State*, 419 So. 3d 299, 300 (Fla. 6th DCA 2025) (concluding that any error was harmless because the State at sentencing "adduced evidence establishing that Avalos qualified as a[n] [HFO]" and Avalos "did not, and does not, challenge the sufficiency or the weight of the evidence adduced by the State or otherwise allege any prejudice"). Accordingly, we affirm.

Affirmed.

NORTHCUTT, ROTHSTEIN-YOUAKIM, and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.